USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/20/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUFUS GRAHAM,

                        Petitioner,

v.

ADA PEREZ, Superintendent, Downstate
Correctional Facility,

                        Respondent.

09 Civ. 4616 (RO)

**ORDER**

OWEN, District Judge:

    Petitioner Rufus Graham submitted a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction on five counts of Burglary in the Second Degree (New York Penal Law § 140.25(2)), six counts of Burglary in the Third Degree (New York Penal Law § 140.20), one count of Forgery in the Second Degree (New York Penal Law § 170.10(1)), and one count of Criminal Possession of a Forged Instrument in the Second Degree (New York Penal Law § 170.25).

    Magistrate Judge James Cott issued a Report and Recommendation ("Report") in which he recommended that the petition be denied. For the reasons that follow, this Court concurs with the Report and adopts it as the Order of this Court.

1

## BACKGROUND

The crimes at issue are described in detail in the Report and will not be repeated here in full. Petitioner was convicted by jury on August 23, 2004 of six counts of second-degree burglary, six counts of third-degree burglary, and one count each of the following: second-degree forgery, second-degree criminal possession of a forged instrument, and fourth-degree grand larceny. Petitioner was sentenced as a persistent felony offender under New York Penal Law § 70.10 to 13 concurrent, indeterminate terms of 25 years to life imprisonment. Petitioner is currently incarcerated at Downstate Correctional Facility in Fishkill, New York.

Petitioner moved to set aside his conviction under Criminal Procedure Law § 440.10, which was denied. Petitioner appealed that denial and also directly appealed his conviction to the New York Supreme Court, Appellate Division, First Department. The court agreed with Petitioner related to his claim that the trial court improperly failed to suppress statements he made to police, and his claim that the prosecution had failed to turn over a statement made by Petitioner regarding one of the crimes. The court, however, found both these to be harmless error, with the exception of the burglary and grand larceny convictions related to one of the residences, and ruled that Petitioner was entitled to a new trial on those convictions.

The Appellate Division also ruled that the adjudication of Petitioner as a persistent felony offender was within the discretion of the trial court. Petitioner's severance claim was rejected as unpreserved and on the merits, in the alternative. The Court of Appeals denied Petitioner's motion for leave to appeal and on May 15, 2009, Petitioner filed the instant petition under 28 U.S.C. § 2254. As stated above, Magistrate Judge Cott issued the Report recommending that the petition be denied on April 15, 2011. (Docket Entry No. 22.) Petitioner filed an objection to the Report on May 20, 2011. (Docket Entry No. 23.)

## DISCUSSION

### A. Standard of Review

United States Magistrate Judges hear dispositive motions and make proposed findings of fact and recommendations, generally in the form of a Report and Recommendation. In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

A party may file "specific written objections," Fed R. Civ. P. 72(b), to a Magistrate Judge's proposed findings and recommendations, and in that case, the district court has an obligation to make a *de novo* determination as to those portions of the Report and Recommendation to which objections were made. 28 U.S.C. § 636(b)(1); *First Union Mortgage Corp., v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000). A district court judge, in making such determination, has discretion in the weight placed on proposed findings and recommendations and may afford a degree of deference to the Report and Recommendation. *See United States v. Raddatz*, 447 U.S. 667, 676 (1980). Objections to a Report and Recommendation are to be "specific and are to address only those portions of the proposed findings to which the party objects." *Camardo v. General Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381-82 (W.D.N.Y. 1992). Objections that are "merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke *de novo* review." *See Vega v. Artuz*, No. 97 Civ. 3775, 2002 WL 31174466, at *1, 2002 U.S. Dist. LEXIS 18270 (S.D.N.Y. Sept. 30, 2002).

Where no timely objection has been made by either party, a district court need only find that "there is no clear error on the face of the record" in order to accept the Report and

3

Recommendation. *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). In the event a party's objections are conclusory or general, or simply reiterate original arguments, the district court also reviews the Report and Recommendation for clear error.

### B. Antiterrorism and Effective Death Penalty Act of 1996

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a federal remedy for state prisoners if their continued custody is in violation of federal law. An application for a writ of habeas corpus pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
> 28 U.S.C. § 2254(d)(1)—(2).

The phrase "clearly established Federal law, as determined by the Supreme Court of the United States" refers to "the holdings, as opposed to the dicta," of the Court's decisions as of the time of the state court decision at issue. *Williams v. Taylor,* 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). An "unreasonable application" of the Supreme Court's clearly established precedent in a state court decision can occur in two ways. First, a state court decision involves an unreasonable application of the Supreme Court's precedent if the state court identifies the correct governing legal rule from the Court's cases but unreasonably applies it to the facts of the particular case. In addition, a state court decision involves an unreasonable application of Supreme Court precedent if the state court unreasonably extends a legal principle to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams* at 407.

4

In order for a federal court to find that the state court's application of Supreme Court precedent was unreasonable, the decision must be objectively unreasonable rather than simply incorrect or erroneous. *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003). This Circuit has stated that the standard is "somewhere between merely erroneous and unreasonable to all reasonable jurists." *Overton v. Newton,* 295 F.3d 270, 276 (2d Cir.2002). A federal habeas court is not empowered to grant the writ just because, in its independent judgment, it would have decided the federal law question differently.

The factual findings made by state courts are presumed to be correct under the second prong of the AEDPA, and petitioner has the burden to rebut this presumption by "clear and convincing evidence." § 2254(e)(1); *see Nelson v. Walker.* 121 F.3d 828, 833 (2d Cir.1997). The deferential standard of review under the AEDPA will be triggered when the state court has both adjudicated the federal claim "on the merits," and reduced its disposition to judgment. *Sellan v. Kuhlman,* 261 F.3d 303, 312 (2d Cir. 2001).

### C. Petitioner's Claims

Petitioner seeks habeas relief on the following grounds: 1) the police failed to honor Petitioner's invocation of his *Miranda* rights and in doing so violated Petitioner's right to remain silent under the Fifth Amendment; 2) statements made by Petitioner after invoking his right to remain silent were obtained involuntarily and were nonetheless admitted at trial in violation of the Fifth, Sixth, and Fourteenth Amendments; and 3) the trial court erred in sentencing Petitioner as a persistent felony offender, in violation of the Sixth and Fourteenth Amendments.

*1. Confession Claims*

The Report found that the admission of the statements was harmless error. A court must evaluate four factors in making a determination as to whether or not the admission of an

5

improperly admitted confession was harmless error: 1) the overall strength of the prosecution's case; 2) the conduct of the prosecution with regard to the improperly admitted evidence; 3) the importance of the wrongfully admitted evidence; 4) whether such evidence was cumulative of properly admitted evidence. *See Zappulla v. New York*, 391 F.3d 462, 468 (2d Cir. 2004).

The Report and Recommended is well-reasoned, thorough, and supported by law in concluding that the admission of improperly admitted evidence was harmless error.

Petitioner was convicted of seven crimes to which he did not confess, specifically two counts of forgery, three counts of burglary, and two counts of burglary. The record contains ample evidence to support the conviction for each of these charges, including items left behind by Petitioner at the scenes of the crimes, police testimony based on firsthand observation, video and eyewitness testimony, and fingerprint evidence. The Report assessed this evidence thoroughly and a review of the record confirms the Report's findings.

The crimes for which Petitioner confessed, specifically six burglaries, were supported by ample evidence as well. The evidence supporting these convictions includes physical evidence connecting Petitioner to crimes scenes, identification at a police-arranged line-up, phone calls traced to Petitioner's mother by cell phones stolen during the burglaries, and evidence establishing a unique and common pattern among all of the burglaries. As to this common pattern evidence, the trial court provided a limiting instruction when it charged the jury to consider the similarities between the incidents when considering the issue of identity.

Petitioner's assertion that Judge Cott did not consider the appropriate factors when assessing the impact on a jury's decision resulting from the improper admission of evidence is without merit.

6

The record demonstrates that the jury was able to carefully assess other evidence independently of the confessions while attributing little weight to the confessions. Courts in this circuit recognize a strong presumption that juries follow limiting instructions. *See United States v. Snype*, 441 F.3d 119, 129-30 (2d Cir. 2006).

The trial court properly instructed the jury that it must carefully consider each charge separately and is to draw no interference of guilt on one charge based on other charges. It is reasonable to conclude that the jury followed the court's instructions, given that the jury deliberated for three days and acquitted Petitioner of five crimes to which he had confessed. These crimes in particular were not supported by fingerprint, videotape, or other evidence.

Magistrate Judge Cott properly found that the confessions were cumulative of evidence properly admitted. The crimes for which Petitioner was convicted were supported by evidence independent of the convictions, and the confessions did not go to an element of the crimes with which Petitioner was charged.

Petitioner claims that, in the event any of his convictions are reversed by this Court, he should be entitled to a new sentencing proceeding because the trial court relied on the "combined impact" of his multiple burglary convictions.

In doing so, Petitioner appears to raise an excessive sentence claim under the Eighth Amendment by arguing that the "combined impact" of his convictions resulted in a longer sentence. Such claims are not subject to habeas review. As such, because Petitioner does not claim that his sentence is outside the permissible sentencing range under New York law, Petitioner's sentencing claim is not cognizable on habeas review.

2. *Adjudication and Sentencing as a Persistent Felony Offender*

Petitioner claims that his sentencing under New York's persistent felony offender statute, N.Y. Penal Law § 70.10, is in violation of the Sixth Amendment. An exception to the principles of *Apprendi* (which generally requires that any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt), findings of fact regarding recidivism can be made by a trial court. See *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Under N.Y. Penal Law § 70.10, a court must adjudicate the defendant a persistent violent offender, and must decide whether the "history and character" of the defendant and the nature and circumstances of the criminal conduct are such that extended incarceration and supervision serve the public interest.

The Second Circuit Court of Appeals held that the New York persistent felony offender statute does not violate the Sixth Amendment, and reiterated the recidivism exception to *Apprendi*. *Portalatin v. Graham*, 624 F.3d 69, 79 (2d Cir. 2010). The petitions for a writ of certiorari cited by Petitioner were denied in October, 2011.

As such, Judge Cott properly found that the application of the New York persistent felony offender law to Petitioner did not violate his Constitutional rights, and this Court concurs with that determination.

## CONCLUSION

For the foregoing reasons, this Court concurs with the Report and Recommendation of Magistrate Judge James Cott and hereby adopts it as the Order of this Court. Accordingly, the petition for habeas corpus under 28 U.S.C. § 2254 is hereby DENIED.

SO ORDERED.

December 19, 2012

                                                RICHARD OWEN
                                                UNITED STATES DISTRICT JUDGE